# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
November 28, 2006 Session

## STATE OF TENNESSEE v. RUSSELL L. TIPTON

**Direct Appeal from the Circuit Court for Franklin County**
**No. 15084     J. Curtis Smith, Judge**

---

**No. M2006-00260-CCA-R9-CO - Filed August 9, 2007**

---

Hayes, David G., Judge, separate concurring.

This case illustrates the growing disparity in the application of diversion, both pre-trial and judicial, in the State of Tennessee. The appellant in this case, who presents an unblemished combined history of thirty-five years of meritorious service to his country in the military and to the citizens of this state as a police officer, is denied diversion, in effect, for operating a boat without proper light. Meanwhile, on the date this opinion is being written, the Shelby County Criminal Court grants diversion of a conviction for manslaughter stemming from the shooting death of the defendant's husband.

In his argument to deny diversion, the assistant district attorney general first expressed concern that because "the [appellant] has been married three times . . . [the appellant's] issues with multiple spouses" weigh against a favorable social history. Divorce and remarriage does not violate the public policy of this State, and I know of no authority which would support the prosecutor's contentions. The assistant district attorney further faults the appellant for failing to answer question number (11) of the diversion application, which required the appellant to state whether he was of low, medium, or high "IQ." Nonetheless, the assistant district attorney concludes that the appellant "obviously . . . possesses some mental abilities."

Moreover, the prosecutor faults the appellant for noting on the application form that he has never been evaluated by a psychologist, because, as the prosecutor explains, "[h]e was subjected to psychological testing in order to be a certified officer." However, the POST certification requirements for psychological evaluations were first implemented in 1992 and exempted law enforcement officers already certified. *See* T.C.A. § 38-8-105 (2006). The appellant's law enforcement career began in 1970. While these or other examples cited by the prosecutor may not be individually significant, the so-called "evasive" responses become significant in the overall context because they, in part, form the basis for the prosecutor's conclusion that the appellant is not amenable to correction.

Finding discretion abused, I concur that diversion is warranted.

_____
DAVID G. HAYES, JUDGE